IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALVA BUSCH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-780-GPM |
| | ) |
| LEE ENTERPRISES, INC., d/b/a | ) |
| The St. Louis Post Dispatch, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court sua sponte on the question of subject matter jurisdiction. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 588 (S.D. Ill. 2007) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must."). This action, in which federal jurisdiction is alleged on the basis of diversity of citizenship, was brought originally by Plaintiffs Alva Busch and Metro Investigations, Inc. ("Metro"), against Defendants Lee Enterprises, Inc. ("Lee"), and Nicholas Pistor. On October 19, 2009, the Court ordered Busch and Metro to file an amended complaint properly alleging the citizenship of Busch and Pistor for diversity purposes. On November 13, 2009, Busch and Metro filed an amended complaint (Doc. 13) that dismissed Pistor as a party to the case and joined Defendant St. Louis Post-Dispatch, LLC ("Post-Dispatch").

In general, of course, the exercise of federal subject matter jurisdiction in diversity requires that the parties to a case be of completely diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Driscoll v. Brown & Crouppen, P.C.*, Civil No. 09-859-GPM, 2009 WL 3770190, at *1 (S.D. Ill. Nov. 10, 2009). Here Busch and Metro, as the proponents of federal subject matter jurisdiction, have the burden of proof as to the existence of such jurisdiction. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009); *Peoples Nat'l Bank, N.A. v. American Coal Co.*, Civil No. 09-761-GPM, 2009 WL 3065198, at *1 (S.D. Ill. Sept. 23, 2009).

It appears to the Court from the allegations of the operative complaint in this case, *see* Doc. 13 at 2 ¶ 6, 4 at ¶¶ 20-21, that an amount in excess of $75,000, exclusive of interest and costs, is in controversy in this case. *See* 28 U.S.C. § 1332(a); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006); *Wiess v. Wal-Mart Stores, Inc.*, Civil No. 09-887-GPM, 2009 WL 3713353, at *1 (S.D. Ill. Nov. 4, 2009). Also, Busch and Metro allege properly that Metro is a corporation organized under Illinois law with its principal place of business (in this Circuit, its headquarters or nerve center) in Illinois, and therefore is an Illinois citizen for diversity purposes. *See* 28 U.S.C. § 1332(c)(1); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986); *Stephens v. Burns & Wilcox, Ltd.*, Civil No. 09-860-GPM, 2009 WL 3756444, at *2 (S.D. Ill. Nov. 7, 2009). Likewise, Busch and Metro allege properly that Lee is a Delaware corporation with its principal place of business in Iowa. However, the operative complaint in this case does not allege properly the citizenship of Busch and Post-Dispatch for diversity purposes.

In the operative complaint in this case, Busch alleges that he is a "resident" of Illinois. Doc. 13 at 2 ¶ 5. However, diversity jurisdiction is properly invoked only by allegations that Busch is a citizen of Illinois, not a resident of Illinois, with Busch's state citizenship in Illinois being determined, of course, by whether he is domiciled in Illinois, that is, physically present in Illinois with the intent to remain there indefinitely. *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 835-36 (S.D. Ill. 2006); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006). Accordingly, Busch and Metro must amend their operative complaint in this case to allege that Busch is a citizen of Illinois, not a resident of Illinois.

As to Post-Dispatch, Busch and Metro allege only that it is "a Delaware limited liability company." Doc. 13 at 2 ¶ 8. The citizenship of a limited liability company ("LLC") for diversity purposes is the citizenship of each of the LLC's members. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1039, 1040 (S.D. Ill. 2006). Accordingly, Busch and Metro must amend their operative complaint in this case to allege: (1) the state of which any natural person who is a member of Post-Dispatch is a citizen, meaning, as discussed, the state where that person is domiciled, that is, physically present with an intent to remain there indefinitely; (2) the state where any corporation that is a member of Post-Dispatch is incorporated and the state where the corporation maintains its principal place of business, meaning, as discussed, the state where the corporation has its headquarters or nerve center; (3) the state of citizenship of the trustee or trustees of any trust that is a member of Post-Dispatch, unless the law under which the trust is organized permits the trust to sue and be sued in its own name, in which case the citizenship of the trust is that of its beneficiary or beneficiaries; and

(4), if any member of Post-Dispatch is a partnership, LLC, or other unincorporated association, the citizenship of every member of such an association. *See B & R Oil Co. v. Imperial Enters. of Ill., LLC*, Civil No. 09-257-GPM, 2009 WL 1867677, at *1 n.1 (S.D. Ill. June 29, 2009) (collecting cases).[1]

The Court wishes to make clear to Busch and Metro that its patience with the inability of their counsel to follow the Court's directions regarding proper allegations of federal subject matter jurisdiction in diversity is wearing very thin. This is the second time that the Court has had to order Busch and Metro to plead that Busch is a citizen of Illinois, not a resident of Illinois. There will not be a third time. Busch and Metro are put on notice that failure to plead federal subject matter jurisdiction in diversity correctly in their second amended complaint will result in the dismissal of this case pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. Quite simply, "it is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000). Here "the court [has] reminded the parties of the need to establish complete diversity of citizenship" but "[d]espite receiving express directions about what they had to do, counsel did not do it. At some point the train of opportunities ends." *Id*. at 448. *See also Ball v. Morgan Stanley & Co., Inc.*, Civil No. 09-406-GPM, 2009 WL 1708791, at **1-2 (S.D. Ill. June 17, 2009); *Ball v. Southwest Fiduciary, Inc.*, Civil No. 09-194-GPM, 2009 WL 1708764, at *2 (S.D. Ill. June 17, 2009).

---

1. The online records of limited liability companies maintained by the office of the Illinois Secretary of State at http://www.cyberdriveillinois.com/departments/business_services/corp.html, which the Court can judicially notice, *see Mathes v. Bayer Corp.*, Civil No. 09-630-GPM, 2009 WL 2601364, at *2 n.4 (S.D. Ill. Aug. 24, 2009), reflect that the sole member of Post-Dispatch is "PULITZER INC F6017 218 8" ("Pulitzer, Inc."). It appears from the same records that Pulitzer, Inc., is a citizen of Delaware and Iowa for diversity purposes.

To conclude, Busch and Metro are **ORDERED** to file a second amended complaint properly alleging the state citizenship of Busch and Post-Dispatch for purposes of federal diversity jurisdiction not later than 12:00 p.m. on Monday, November 30, 2009. Failure by Busch and Metro to file a second amended complaint as herein ordered will result in the dismissal of this case for lack of federal subject matter jurisdiction.[2]

**IT IS SO ORDERED.**

DATED: November 20, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

2. As a last matter, the Court notes that the allegations regarding the state citizenship of Busch and Post-Dispatch contained in the second amended complaint Busch and Metro are ordered to file in this case must be made not on "information and belief" but on personal knowledge. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).