IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALVA BUSCH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )  CIVIL NO. 09-780-GPM |
| | ) |
| LEE ENTERPRISES, INC., d/b/a | ) |
| The St. Louis Post Dispatch, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On November 20, 2009, the Court entered an order directing Plaintiffs Alva Busch and Metro Investigations, Inc. ("Metro"), to amend their complaint against Defendants Lee Enterprises, Inc. ("Lee"), and St. Louis Post-Dispatch, LLC ("Post-Dispatch"), to allege properly the Court's subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Specifically, the Court ordered Busch and Metro to amend their complaint to allege that Busch is a citizen of Illinois, not a resident of Illinois, and to identify the citizenship of each member of Post-Dispatch. *See Busch v. Lee Enters., Inc.*, Civil No. 09-780-GPM, 2009 WL 4030928, at \*\*2-3 (S.D. Ill. Nov. 20, 2009). With respect to Post-Dispatch, the Court explained that a limited liability company ("LLC") is deemed an unincorporated association for purposes of federal diversity jurisdiction, so that the state citizenship of an LLC is determined by the state citizenship of each of the LLC's members. *See id*. at \*2. The Court also pointed Busch and Metro to public records from which the citizenship of Post-Dispatch for diversity purposes can be ascertained. *See id*. at \*2 n.1. Finally, the Court

noted that the November 20 order was the second time the Court had been required to direct Busch and Metro to correct the jurisdictional allegations of their complaint and warned Busch and Metro that if they failed to allege federal jurisdiction correctly on their third try, this case would be dismissed. *See id*. at *2.

Busch and Metro now have filed a second amended complaint as ordered and once again, despite the Court's careful instructions in the November 20 order, they have muffed the pleading of facts establishing the Court's jurisdiction in diversity. With respect to Post-Dispatch, the complaint alleges only that Lee "is the parent corporation of Pulitzer, Inc., which is the parent corporation of The St. Louis Post-Dispatch, LLC. The St. Louis Post-Dispatch, LLC, publishes the *St. Louis Post-Dispatch* newspaper based out of St. Louis, Missouri." Doc. 15 at 2 ¶ 4. These allegations utterly fail to plead any jurisdictionally meaningful fact. An LLC, as discussed, is an unincorporated association, not a corporation, and does not have parents or subsidiaries. Instead, as the Court already has been required to explain to Busch and Metro at some length, an LLC has members, the citizenship of which must be alleged in order to invoke the diversity jurisdiction of a federal court. On the basis of the allegations of the second amended complaint filed by Busch and Metro it is completely impossible for the Court to ascertain whether this case lies in fact within its diversity jurisdiction, and the Court concludes that this case is due to be dismissed. Busch and Metro have had three opportunities to plead jurisdiction properly and now, after three strikes, they are out. "[I]t is regrettable when 'litigants' insouciance toward the requirements of federal jurisdiction . . . cause[s] a waste of time and money,' but . . . dismissal is the proper course when a party invoking federal subject matter jurisdiction ignores the duty to establish that jurisdiction." *Ball v. Southwest Fiduciary, Inc.*, Civil No. 09-194-GPM, 2009 WL 1708764, at *2

(S.D. Ill. June 17, 2009) (quoting *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003)).  As far as the Court is concerned, "the train of opportunities" for Busch and Metro "to establish subject matter jurisdiction . . . [has] end[ed]."  *Id*. (quoting *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)).  The Court had hoped that its explicit threat to dismiss this case on a third failure by Busch and Metro adequately to allege diversity jurisdiction would prompt their counsel to plead with meticulous care.  Unfortunately, it appears that in this instance the knowledge that he was to be hanged did not concentrate the mind of Plaintiffs' counsel, who instead has managed to turn in yet another sloppy, badly-drafted complaint that fails to establish the Court's jurisdiction in diversity.  As a sister court observed, quoting Justice Holmes, "the law must keep its promises," *State v. Law*, 620 N.W.2d 562, 566 (Minn. Ct. App. 2000), and the Court now keeps its promise to Busch and Metro and their counsel:  pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, this case is **DISMISSED without prejudice** for lack of federal subject matter jurisdiction.

    **IT IS SO ORDERED.**

    DATED:  December 1, 2009

    /s/ G. Patrick Murphy  
    G. PATRICK MURPHY  
    United States District Judge