IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALVA BUSCH, et al., | ) |
| | ) |
|       Plaintiffs, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-780-GPM |
| | ) |
| LEE ENTERPRISES, INC., d/b/a | ) |
| The St. Louis Post Dispatch, et al., | ) |
| | ) |
|       Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

      This case is before the Court on the motion for reconsideration brought by Plaintiffs Alva Busch and Metro Investigations, Inc. ("Metro") (Doc. 17). In the instant motion, Busch and Metro ask the Court to vacate its order entered December 1, 2009, dismissing this case pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.[1] In the December 1 order, the Court dismissed this case on the grounds that the second amended complaint in the case failed properly to allege the state citizenship of Defendant St. Louis Post-Dispatch, LLC ("Post-Dispatch"), for purposes of federal subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. *See Busch v. Lee Enters., Inc.*, Civil No. 09-780-GPM, 2009 WL 4544393, at *1

---

1. Given that the instant motion for reconsideration was brought more than ten days after the dismissal of this case, the Court presumes that the motion is brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001); *Britton v. Swift Transp. Co.*, 127 F.3d 616, 618 (7th Cir. 1997); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992); *Ledbetter v. Jackson County Ambulance Serv.*, Civil No. 05-4190-GPM, 2007 WL 4226071, at **1-2 (S.D. Ill. June 12, 2007); *Disher v. Citigroup Global Mkts., Inc.*, 486 F. Supp. 2d 790, 795 (S.D. Ill. 2007); *Koelling v. Livesay*, 239 F.R.D. 517, 520 (S.D. Ill. 2006).

(S.D. Ill. Dec. 1, 2009). Specifically, the Court found that the second amended complaint failed to identify each member of Post-Dispatch and the state citizenship of each member of Post-Dispatch, as is required, of course, under Seventh Circuit law. *See id*. *See also Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007); *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006); *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *B & R Oil Co. v. Imperial Enters. of Ill., LLC*, Civil No. 09-257-GPM, 2009 WL 1867677, at *1 & n.1 (S.D. Ill. June 29, 2009); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1039, 1040-41 (S.D. Ill. 2006).

In the instant motion for reconsideration, Busch and Metro argue that their second amended complaint properly alleged the citizenship of Post-Dispatch for diversity purposes by asserting that Post-Dispatch is "entirely owned" by Pulitzer, Inc. ("Pulitzer"), a corporation organized under Delaware law with its principal place of business in Iowa. Doc. 17 at 2 ¶ 3 (quoting Doc. 15 at 2-3 ¶ 8). It appears that, in the view of Busch and Metro, the allegation contained in paragraph 8 of their second amended complaint in this case was sufficient to aver that Pulitzer is the sole member of Post-Dispatch, so that Post-Dispatch is a citizen of Delaware and Iowa for diversity purposes. The Court does not agree. As the Court pointed out in its December 1 order dismissing this case, a limited liability company ("LLC") is an unincorporated association, not a corporation, and thus it is "jurisdictionally meaning[less]" to allege that an LLC has a parent corporation, given that the LLC's citizenship for a diversity purposes is determined by the citizenship of the LLC's members. *Busch*, 2009 WL 4544393, at *1. Also, certain other legal principles governing LLCs lead the Court to conclude that the second amended complaint in this case did not allege adequately the citizenship of

Post-Dispatch for purposes of federal diversity jurisdiction. First, under the Delaware Limited Liability Company Act, Del. Code Ann. tit. 6, § 18-101 *et seq.*, pursuant to which Post-Dispatch is organized, ownership of an LLC is vested in the members of the LLC and/or the managers of the LLC selected in a manner agreed to by the members; the important point for the Court's purposes here is that the owners of the LLC are the members of the LLC and/or the managers appointed by the members. *See* Del. Code Ann. tit. 6, § 18-402; *Elf Atochem N. Am., Inc. v. Jaffari*, 727 A.2d 286, 290-91 (Del. 1999); *Lola Cars Int'l, Ltd. v. Krohn Racing, LLC*, C.A. Nos. 4479-VCN, 4886-VCN, 2009 WL 4052681, at *3 (Del. Ch. Nov. 12, 2009); 1 L. Ribstein & R. Keatinge, *Ribstein and Keatinge on Limited Liability Companies* § 2:4 (1998 & Supp. 2009). Also, ownership interests in an LLC organized under Delaware law are not equivalent to stock. *See Great Lakes Chem. Corp. v. Monsanto Co.*, 96 F. Supp. 2d 376, 383-87 (D. Del. 2000) (citing *United Hous. Found., Inc. v. Forman*, 421 U.S. 837, 851-52 (1975)); *Great Lakes Chem. Corp. v. Pharmacia Corp.*, 788 A.2d 544, 550 (Del. Ch. 2001). *Cf.* Larry E. Ribstein, *Form and Substance in the Definition of a "Security": The Case of Limited Liability Companies*, 51 Wash. & Lee L. Rev. 807, 832-33 (1994); Carol R. Goforth, *Why Limited Liability Company Membership Interests Should Not Be Treated as Securities and Possible Steps to Encourage This Result*, 45 Hastings L.J. 1223, 1241-48 (1994). In light of the foregoing principles, it is senseless for Busch and Metro to allege that Pulitzer is the corporate owner of Post-Dispatch without alleging specifically that Pulitzer is a member, and the sole member, of Post-Dispatch. Accordingly, the Court concludes that the second amended complaint in this case did not properly allege the citizenship of Post-Dispatch for diversity purposes, and therefore the instant motion for reconsideration of the Court's December 1 order dismissing this case will be denied.

This is not, however, the end of the matter. In a previous order in this case the Court observed that "it is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme." *Busch v. Lee Enters., Inc.*, Civil No. 09-780-GPM, 2009 WL 4030928, at *2 (S.D. Ill. Nov. 20, 2009) (quoting *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000)). Nonetheless, in the interest of possibly moving this case past the stage of pleading federal subject matter jurisdiction, at this point the Court is going to do just that. The Court will vacate its December 1 order dismissing this case and reinstate the case if, within the time period specified in this Order, counsel for Busch and Metro files a motion for reconsideration of the Court's dismissal of this case that is accompanied by a proposed third amended complaint that contains allegations of federal subject matter jurisdiction in diversity that are in substantially the following form:

1. Plaintiff Alva Busch is a citizen of Illinois.

2. Plaintiff Metro Investigations, Inc., is a corporation incorporated under Illinois law with its principal place of business in Illinois and thus is a citizen of Illinois.

3. Defendant Lee Enterprises, Inc., is a corporation incorporated under Delaware law with its principal place of business in Iowa and thus is a citizen of Delaware and Iowa.

4. Defendant St. Louis Post-Dispatch, LLC, is a limited liability company, the sole member of which is Pulitzer, Inc., a corporation incorporated under Delaware law with its principal place of business in Iowa, and thus Defendant St. Louis Post-Dispatch, LLC, is a citizen of Delaware and Iowa.

5. The amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

*See* 28 U.S.C. § 1332(a)(1), (c)(1); *Ellis v. Hansen & Adkins Auto Transp.*, Civil No. 09-677-GPM,

2009 WL 4673933, at *2 (S.D. Ill. Dec. 4, 2009) (citing *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981)) (for purposes of federal diversity jurisdiction, a corporation is a citizen of the state where it is incorporated and the state where it maintains its principal place of business). *Cf. Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006) (quoting *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986)) (in the Seventh Circuit, the location of a corporation's principal place of business for diversity purposes is the state where the corporation's headquarters or "directing intelligence" is located). The Court reminds counsel for Busch and Metro that the time to appeal from the Court's dismissal of this case will expire on January 1, 2010. *See Mendenhall v. Goldsmith*, 59 F.3d 685, 689 (7th Cir. 1995) (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993)) (noting that the timely filing of a motion to alter or amend a judgment under Rule 59 of the Federal Rules of Civil Procedure tolls the time for filing a notice of appeal, but the filing of a Rule 60(b) motion does not). The Court reminds counsel for Busch and Metro also that any post-dismissal request by Busch and Metro for leave to amend their complaint can be denied by the Court in its discretion purely on the basis of undue delay in seeking amendment. *See Diersen v. Chicago Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997); *Amendola v. Bayer*, 907 F.2d 760, 764-65 (7th Cir. 1990); *Giger v. Mobil Oil Corp.*, 823 F.2d 181, 183-84 (7th Cir. 1987); *Twohy v. First Nat'l Bank of Chicago*, 758 F.2d 1185, 1196-97 (7th Cir. 1985); *Wheeler v. Pension Value Plan for Employees of Boeing Co.*, No. 06-cv-500-DRH, 2007 WL 2608875, at *5 (S.D. Ill. Sept. 6, 2007). Therefore, counsel for Busch and Metro is well advised to file a motion for reconsideration of the Court's December 1 order dismissing this case that is accompanied by a proposed third amended complaint containing allegations of federal subject matter jurisdiction in diversity in the form set out above by the Court not later than 12:00 p.m. on Monday, December 28, 2009.

To conclude, the motion for reconsideration brought by Busch and Metro (Doc. 17) is **DENIED**. Busch and Metro are **ORDERED** to file a motion for reconsideration of the Court's December 1 order dismissing this case that is accompanied by a proposed third amended complaint containing allegations of federal subject matter jurisdiction in diversity in the form set out by the Court in this Order not later than 12:00 p.m. on Monday, December 28, 2009.

**IT IS SO ORDERED.**

DATED: December 21, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge